UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| DANNY SOWELLS | : | DOCKET NO. 12-CV-0086 |
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTREW, COMMISSIONER OF SOCIAL SECURITY | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security benefits claimed under the Social Security Act. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, we recommend that the decision of the Commissioner be **VACATED** and the matter **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

On November 21, 2008, plaintiff filed an application for disability insurance benefits alleging disability beginning on January 1, 1997. Tr. 111-113. The claim was initially denied on March 31, 2009. Tr. 75-78. Plaintiff requested and was granted an administrative hearing which was held on July 20, 2010. Tr. 24-70. Prior to the hearing plaintiff requested that the ALJ issue subpoenas compelling the presence of the Commissioner's examining physician, Dr. Arthur Richert, and the Commissioner's examining psychologist Dr. Andrew Thrasher for purposes of cross-examination. Tr. 101.

Plaintiff was represented at the hearing by a non-attorney disability representative,

Anthony Mitchell.  Plaintiff along with a vocational expert appeared and testified at the hearing.

On August 4, 2010, the ALJ issued an unfavorable decision.  Tr. 11-23.  In her decision, the ALJ found plaintiff was not disabled because he retained the residual functional capacity (RFC) to perform a full range of light work.  Tr. 18.

Plaintiff filed a request for appellate review of this decision and on November 22, 2011, his request was denied.  Tr. 1-4.  On January 19, 2012, plaintiff filed suit in this court appealing the determinations of the Commissioner.  Doc. 1.  Plaintiff contends that  (1) he was denied due process when the ALJ failed to issue subpoenas for examining internist Dr. Arthur Richert and psychologist Andrew Thrasher, Ph.D.;  (2) the ALJ failed to fully develop the facts regarding plaintiff's mental impairments, incorrectly determined that his impairments were not severe, and incorrectly assessed his RFC; and  (3) the record does not contain sufficient evidence that plaintiff's acquired work skills are transferable to other light work occupations.

Following an answer in which the Commissioner denied plaintiff's entitlement to disability [doc. 7], the Commissioner sought reversal and remand pursuant to 42 U.S.C. § 405(g), sentence four.  Doc. 11.  The Commissioner submits two grounds for reversal and remand: (1) the ALJ did not adequately comply with the law when she refused to issue plaintiff's requested subpoenas; and (2) further evaluation of plaintiff's mental impairment is warranted.

In plaintiff's response, although he does not oppose the Commissioner's grounds for remand, he objects to the Commissioner's limited request for reversal and remand.  Specifically, plaintiff requests that the court reverse the denial of benefits and remand solely for the calculation of benefits due.

## LAW AND ANALYSIS

The Commissioner requests a remand in accordance with the fourth sentence of 42

U.S.C. § 405(g) which provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Initially, the court notes that a social security case should be remanded if additional proceedings can complete the record or cure any defects in the initial administrative hearings. *See Powell v. Chater,* 959 F.Supp. 1238, 1246 (C.D.Cal.1997).

First, the Commissioner notes that the ALJ failed to comply with Hearings, Appeals, and Litigation Law manual (HALLEX) I-2-5-78C and Acquiescence Ruling (AR) 91-1(5) and (2) when she denied plaintiff's request to subpoena the physician consultative examiner, Dr. Arthur Richert, and the psychological consultative examiner, Dr. Andrew Thrasher. Both HALLEX I-2-5-78C and AR 91-1 adopt the Fifth Circuit holding of *Lidy v. Sullivan,* 911 F.2d 1075 (5th Cir.1990) and state that "when a claimant requests, prior to the closing of the record, that a subpoena be issued for the purpose of cross-examining an examining physician, the adjudicator *must* issue the subpoena." (emphasis original).

In *Lidy,* the Fifth Circuit held that due process entitles a disability claimant to cross-examine individuals whose reports are considered as evidence in the disability determination. *Id.* at 1077. As stated by the court, "we conclude that … by requesting a subpoena, a claimant has the right to cross-examine an examining physician." *Id.*

In this case, by letter dated June 12, 2012, plaintiff's representative requested that subpoenas issue "compelling the physical presence of the Commissioner's examining physician Dr. Arthur Richard [sic], author of the February 07, 2009 consultative report and the Commissioner's examining Psychologist, Andrew Thrasher, author of the March 25, 2009 consultative report, for purposes of cross-examination." Tr. 101. On June 18, 2010, the ALJ,

relying on 20 CFR 404.950(d)(2) and 416.1450(d)(2), responded to plaintiff's request and indicated that plaintiff must "state the important facts that the witness is expected to prove; and indicate why these facts could not be proven without issuing a subpoena." The ALJ concluded that "upon receipt of the foregoing, I will decide whether or not the subpoenas are necessary." Tr. 102. While plaintiff did not respond to this request, at the start of the hearing conducted on July 20, 2010, his representative again brought up the issue of the requested subpoenas. Tr. 26. The ALJ responded that "we did respond to you and we did not get any further feedback from you in accordance with the regulation that was cited for the subpoena." *Id.* Consequently, the subpoenas were not issued.

After reviewing the decision in the record, this court concludes that the ALJ relied on the medical opinion of both Dr. Richert and Dr. Thrasher when issuing her opinion denying benefits. *See* Tr. 19-20, 21-22. By refusing to allow plaintiff the opportunity to cross examine these doctors the ALJ violated due process standards. This error requires remand. *See Tanner v. Secretary,* 932 F.2d 1110 (5th Cir. 1991).

The Commissioner also submits that remand is justified in order to further evaluate the severity of plaintiff's mental impairment. The Commissioner concedes that reports from two examining psychologists indicate memory issues, possible defects in intellectual functioning, and potential drug or alcohol problems. Thus, the Commissioner suggests that additional psychological testing or medical expert testimony should be considered by the ALJ on remand.

Plaintiff sets forth three arguments in opposition to the Commissioner's request for remand. First, he argues that this court should reverse and award benefits because the ALJ erred at step five of the sequential evaluation process when she determined that plaintiff possessed transferable skills and thus could return to light work. Plaintiff argues that the testimony of the

vocational expert ("VE") failed to establish that he acquired skills that were transferrable. Plaintiff cites the testimony of the VE when questioned by the ALJ as follows:

> Q Okay. And does he have any transferable skills to medium, light or sedentary work?
>
> A I think that he would *probably* have acquired some skills, carpenter skills that could be used in light work activity but he would have to be *under the direction of a journeyman carpenter.* Tr. 61.(emphasis added)

Doc. 13, p. 4. Thus, he concludes, the VE's testimony confirms that plaintiff's skills are not readily transferable to a significant range of semi-skilled or skilled work.

Initially, the court notes that plaintiff omitted the following question posed by the ALJ to the VE:

> Q Okay. So he does have some transferable skills to light work?
>
> A He knows something about tools and, and building things, yes, he does—

Tr. 61. Consequently, we find plaintiff's characterization of the testimony of the VE is not completely accurate.

The ALJ made the following finding in regard to plaintiff's ability to do other work based on the opinion of the VE:

> The vocational expert was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, and which would require skills acquired in the claimant's past relevant work but no additional skills. The vocational expert responded and testified that representative occupations such an individual could perfume include: bench assembler, 2,647 jobs in Louisiana, 483,360 nationwide; nut sorter, 948 in Louisiana, 49,912 jobs nationwide; and production inspector, 5,072 jobs in Louisiana, 202,091 jobs nationwide.

Tr. 23. Considering this testimony, the ALJ found plaintiff not disabled. We are not persuaded by plaintiff's argument that substantial evidence does not support this conclusion.

Next, plaintiff asserts that the testimony of the VE under cross-examination by plaintiff's

representative supports a finding of disability. Specifically, he cites the following testimony:

> ATTY    Doctor, adding to the ALJ's hypothec [sic] these two marked limitations, the ability to respond appropriately to work pressures in the usual setting, the ability to respond appropriately to changes in the work setting, with those combined isn't it true that he could not perform any of the jobs that you - -
>
> VE    I think I've already testified yes.

Tr. 69-70.

When questioning the VE, plaintiff's representative at the hearing was referring to a report submitted by Jerry L. Whiteman, Ph.D. wherein his diagnostic impression was that plaintiff suffered from alcohol abuse - provisional, and mild mental retardation - functional level. Dr. Whiteman further noted in a Medical Source Statement, Mental, that plaintiff had marked limitations in the areas of responding appropriately to work pressures in a usual work setting and responding appropriately to changes in a routine work setting. Tr. 209-10. Plaintiff argues that, based on the above testimony alone, he "could not perform *any* occupation listed in response to the ALJ's hypothetical questions" once the limitations imposed by Dr. Whiteman were considered. Doc. 13, p. 7. Thus, plaintiff concludes that he ALJ's decisions should be reversed and benefits awarded.

In her opinion, the ALJ specifically rejected plaintiff's allegations of functioning mental limitations and found no evidence of mild mental retardation. Tr. 21. She accorded little weight to the opinion of Dr. Whiteman's finding of mild mental retardation noting several inconsistencies in the historical accounts plaintiff relayed and the fact that he made no allegation of any limited intelligence in any of the medical records or other documents submitted. *Id.*

We find that the ALJ's decision is supported by substantial evidence; "evidence that a reasonable mind might accept as adequate to support a conclusion." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (quoting *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir. 1994)).

Finally, plaintiff maintains that the based on the WAIS-IV intelligence testing administered by Dr. Whiteman and the severe impairments recognized by the ALJ, plaintiff satisfies the per se Listing found at §12.05(C).[1] Plaintiff asserts that his full scale Intelligence Quotient score of 61 combined with the impairments of hypertension and mild degenerative disc disease mandate an award of benefits.

Listing 12.05 defines mental retardation as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e. … onset of the impairment before the age of 22." 20 C.F.R. PT.404, Subpt. P, App. 1. In order to meet this listing a claimant must first establish (1) subaverage intellectual functioning; (2) deficits in adaptive functioning; and (3) onset of the impairment before reaching the age of 22. *Randall v. Astrue,* 570 F.3d 651 (5th Cir. 2009). If the claimant can meet these three criteria, then he must demonstrate that the severity of his mental retardation meets one of the four subparagraphs of Listing 12.05. In this case, plaintiff claims that he meets 12.05(C) which requires "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. PT.404, Subpt. P, App. 1.

Plaintiff has failed to show that he meets the Listing's initial requirements. The record contains no evidence that plaintiff's alleged mental retardation manifested before the age of 22. As stated by the ALJ:

> During the consultative psychological examination with Dr. Thrasher in March 2009, the claimant gave a history of completing the 12th grade with no academic problems and no special education. Although he advised Dr. Whiteman that he repeated the first grade, he denied receiving special education. The claimant also related attending training school where he studied air conditioning services, and he served in the Marines for six or seven years where he was trained for active duty.

---

[1] 20 C.F.R. PT. 404, Subpt. P, App. 1.

Tr. 21. (citations omitted).

The record before us contains no other evidence which would indicate plaintiff's alleged mental retardation initially manifested itself before the age of 22. His claim that the ALJ should have found him per se disabled based on Listing 12.05(C) is without merit.

Although plaintiff does not object to the court remanding the case, he requests that the court reverse the decision of the ALJ and award benefits and remand solely for the purpose of calculating benefits. The Commissioner maintains that an immediate award of benefits is justified only in limited circumstances such as when substantial evidence does not support the decision of the ALJ and the record as a whole definitively establishes a disability and that claimant is entitled to benefits.

After an examination of the entire record, although we find that substantial evidence supports the opinion of the ALJ, we conclude that the ALJ committed an error of law in refusing to issue subpoenas as requested by plaintiff. For this reason and based on the motion by the Commissioner, we recommend remand.

## RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's Motion to Remand be **GRANTED** and the decision be **VACATED** and the matter **REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g).

**IT IS FURTHER RECOMMENDED** that upon remand, the ALJ is instructed to comply with HALLEX I-2-5-78C and AR 91-1(5). The ALJ is directed to allow the plaintiff a hearing to further develop the record, if warranted, regarding plaintiff's alleged mental impairments and residual functional capacity. Following the hearing, the ALJ is instructed to

issue a new decision.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 15th day of April, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE